33 F.3d 60
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joe V. GONZALEZ, Defendant-Appellant.
 No. 93-50565.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1994.
Decided Aug. 18, 1994.
 
 Before: FLETCHER, CANBY and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Joe Gonzalez appeals his conviction of conspiracy to possess methamphetamine with intent to distribute, and possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. Secs. 841(a)(1) and 846 and 18 U.S.C. Sec. 2. We affirm.
 
 
 3
 * Gonzalez first challenges the jury's finding that he was not entrapped. In order to succeed on that ground, Gonzalez must show that the evidence was such that no rational jury could fail to find that he was entrapped. That is, the jury would be compelled to find (1) that he was induced to commit the crime, and (2) that he was not predisposed to commit the crime prior to his contact with the government agents. See United States v. Davis, 15 F.3d 902, 908 (9th Cir.1994).
 
 
 4
 Gonzalez's contention that he was induced to commit the crime is based primarily on his version of a conversation with Shuster on November 16. First, he claims that Shuster offered him a car if he would help in the scheme. Shuster, however, testified that he did not remember discussing cars at all that night. Second, Gonzalez contends that he thought he was going to be participating in a drug ripoff in which he would be selling fake, not actual, methamphetamine. Shuster, however, testified that he and Gonzalez talked about a straight methamphetamine sale. Moreover, Shuster testified that Gonzalez was introduced as a methamphetamine dealer when he arrived at their first meeting. Shuster also testified that Gonzalez showed up for the sale with ten pounds of methamphetamine in the back of Zelaya's car. This testimony undermines Gonzalez's contention that he thought Shuster was going to supply fake methamphetamine for a sale. Third, Gonzalez contends that Shuster tried to gain his sympathy in an effort to overcome his reluctance to participate in the scheme, including telling Gonzalez (in response to Gonzalez's question, "why me?") that he had no other friends who could do the job. Shuster, however, testified that he merely tried to gain Gonzalez's trust because Cremeans had reported that Gonzalez wanted to meet him before agreeing to execute the deal in San Diego.
 
 
 5
 We conclude that there is sufficient evidence to support a jury finding that Gonzalez was not induced to commit the crime.
 
 
 6
 Though we need not reach the issue, see Davis, 15 F.3d at 908, we also conclude that there is sufficient evidence for a rational jury to find that Gonzalez was predisposed to commit the crime. Creamans told Shuster that he had a seller and would bring him to a meeting with Shuster. The fact that Gonzalez showed up at that meeting and was introduced as the dealer Creamans had referred to is sufficient to establish Gonzalez's predisposition, because it indicates that Gonzalez had conditionally agreed[1] to the deal before he ever had contact with a government agent. When combined with the evidence that, just a few hours later, Gonzalez had a considerable quantity of methamphetamine ready for delivery, the showing of Gonzalez's predisposition was overwhelming.
 
 II
 
 7
 Gonzalez next contends that his conviction must be overturned because the jury was erroneously instructed that:
 
 
 8
 [W]here a person is already willing to commit the crime, it is not entrapment if government agents merely provide an opportunity to commit the crime.
 
 
 9
 Because Gonzalez raises this issue for the first time on appeal, we review for plain error. United States v. Olano, 113 S.Ct. 1770, 1776 (1993).
 
 
 10
 The instruction Gonzalez challenges is substantially the same as one which we found required reversal under the same standard of review in United States v. Mkhsian, 5 F.3d 1306, 1310-11 (9th Cir.1993). We find no reversible error here, however, because in addition to giving the questionable instruction, the district court told the jury that in determining whether Gonzalez was predisposed to commit the crime, it "should consider [his] predisposition before he encountered the law enforcement officers or their agents." (Emphasis added.) This statement removed any ambiguity in the instruction.[2]
 
 III
 
 11
 Gonzalez argues that the district court improperly admitted the three taped conversations between Cremeans and Shuster under Fed.R.Evid. 802(d)(2)(E), and that without this evidence there was insufficient evidence to convict him of the conspiracy charged. This contention has no merit.
 
 
 12
 Under Rule 802(d)(2)(E), statements of a coconspirator are not hearsay if the government establishes, by a preponderance of the evidence, that the accused was a participant in the conspiracy and that the statements were made in the course and furtherance of that conspiracy. United States v. Silverman, 861 F.2d 571, 576 (9th Cir.1988). Here, the taped conversations concerned a ten kilogram methamphetamine transaction. During those conversations, Cremeans said he had a seller with him, but that the seller was reluctant to go to San Diego to complete the deal without first meeting Shuster. Shortly thereafter, Gonzalez arrived at Shuster's motel room, and Cremeans introduced him as the seller he had mentioned. This evidence alone provides a sufficient basis for admission of the conversations.
 
 IV
 
 13
 Gonzalez contends that the district court erred in giving the jury the "undercover" instruction. In United States v. North, 746 F.2d 627, 631 (9th Cir.1984), cert. denied, 470 U.S. 1058 (1985), we approved use of an undercover instruction in the face of objections identical to those raised by Gonzalez. Gonzalez fails to point to any significant difference between the instruction given in this case and that approved in North. Accordingly, we conclude that there was no error.
 
 CONCLUSION
 
 14
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The meeting was set up only to overcome Gonzalez's reluctance to execute the sale in San Diego, rather than farther north. At most, Gonzalez was not predisposed to commit the crime in that particular location
 
 
 [2]
 United States v. Sterner, --- F.3d ----, 1994 WL 158014 (9th Cir.1994), is not to the contrary. There, the putatively curative instruction did not state that the predisposition had to exist "before the government informant intervened." Id.at * 3